# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LAMONT A WOODS,** | ) | **CASE NO. 7:18CV00385** |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Respondent.** | ) | |

By opinion and order entered on September 25, 2019, the court dismissed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by counsel on behalf of Lamont A. Woods. Now, Woods has submitted a pro se motion to alter or amend the judgment and to grant leave to amend the petition. The court finds that Woods' motion must be denied.

I.

Woods was convicted in the Circuit Court of Henry County of second-degree murder, use of a firearm in the commission of a felony, maliciously shooting into an occupied vehicle, and endangering the life of a child. Woods unsuccessfully appealed the second-degree murder conviction to the Court of Appeals of Virginia and the Supreme Court of Virginia. See Woods v. Commonwealth, 782 S.E.2d 613, 615 (Va. Ct. App. 2016).

Woods' habeas counsel, Dale R. Jenson, filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which the court construed as raising two claims: (1) trial counsel provided ineffective assistance in failing to investigate cell phone evidence of the victim's threats to harm Woods prior to the shooting; and (2) the Commonwealth withheld exculpatory cell phone evidence likely recovered from the scene of the fatal car crash that occurred after the shooting, in violation of Brady v. Maryland, 373 U.S. 83 (1963). The Supreme Court of Virginia denied relief on both claims. Mem. Supp. Mot. Dism. Ex. 16, ECF No. 7-16.

Jensen then filed this § 2254 petition on Woods' behalf, raising these four claims, as paraphrased by the court:

(A) Woods' guilty plea was not voluntary and intelligent, because his trial counsel provided incompetent advice and conducted an inadequate pretrial investigation to support Woods' testimony;

(B) Trial counsel provided ineffective assistance by failing to prepare and "properly establish Woods' state of mind at the time of the shooting as being in fear of his own life";

(C) Trial counsel provided ineffective assistance by failing "to properly impeach the Commonwealth's main witness, Dacha Fitzgerald"; and

(D) The Commonwealth withheld exculpatory evidence by not disclosing the information about the victim's cell phone text messages in violation of Brady v. Maryland, 373 U.S. 83 (1963).

Pet. 6-7, ECF No. 1. The respondent filed a motion to dismiss, and Jenson filed a response brief on Woods' behalf.

After review of the pleadings and the record, the court granted the motion to dismiss. Specifically, the court found that claims (A), (C), and (D) were procedurally barred from federal habeas review, that Woods had not established ineffective assistance by trial counsel as cause for his default or argued any other cause, and that none of these claims stated grounds for relief under § 2254. Woods v. Clarke, No. 7:18CV00385, 2019 WL 4674496, at *4-6 (W.D. Va. Sept. 25, 2019). The court then found that claim (B), although not defaulted, was without merit under 28 U.S.C. § 2254(d). Id. at 6-9. Counsel filed a notice of appeal on Woods' behalf on October 23, 2019.

On October 28, 2019, the court received Woods' pro se pleading, ECF No. 23, titled "PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT, FOR RELIEF FROM JUDGMENT, AND FOR LEAVE TO AMEND THE PETITION." Woods certifies that he mailed this motion to the court on October 23, 2019, the day that he signed and dated it. A

2

habeas petitioner's submissions must be considered filed on the date when he delivers them to prison officials for mailing to the court. See Rule 3(d), Rules Governing Section 2254 Cases. Therefore, for purposes of this opinion, the court will consider Woods' motion to have been filed on October 23, 2019, and address it as a motion asking the court to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008).

II.

The relief Woods seeks under Rule 59(e) "is an extraordinary remedy that should be applied sparingly," and only in "exceptional circumstances." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). "A Rule 59(e) motion may be granted only in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'"[1] Id. Applying these principles, the court concludes that Woods is not entitled to relief under Rule 59(e).[2]

First, Woods has not pointed to any intervening change in relevant law that provides a legal basis for altering the judgment. His primary arguments rely on Martinez v. Ryan, 566 U.S. 1 (2012), which was decided well before Woods' federal habeas proceedings concluded in September 2019. Second, he does not present any new evidence that was not previously available to him or his attorney that would provide a reason to alter the judgment. Thus, only if Woods demonstrates that the court's judgment is based on a clear error of law that constitutes a

---

[1] The court has omitted internal quotation marks, alterations, or citations here and elsewhere in this opinion, unless otherwise noted.

[2] Because Woods' motion must be addressed under Rule 59(e) and alleges defects in the "nonmerits aspect of the . . . federal habeas proceeding," rather than directly attacking his criminal conviction or sentence, the court will not construe it as a second, successive § 2254 petition. But see Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (Rule 60(b) motion attacking conviction must be construed and dismissed as successive § 2254 petition).

3

"manifest injustice" could the court grant the desired relief under Rule 59(e). Mayfield, 674 F.3d at 378.

Woods first argues that in granting the motion to dismiss, the court failed to accept Woods "well-pleaded allegations as true, and . . . draw all reasonable inferences therefrom in the petitioner's favor." Porter v. Zook, 898 F.3d 408, 428 (4th Cir. 2018), cert. denied, 139 S. Ct. 2012, 204 L. Ed. 2d 220 (2019). Woods fails, however, to identify any allegation on which the court could have ruled in his favor, in light of the record and the procedural constraints of federal habeas review of a state court's judgment.

Woods next asserts that under Martinez, his habeas attorney's ineffective assistance in the state and federal habeas proceedings provides "cause" to excuse his procedural default of three of his four § 2254 claims and his failure to provide sufficient factual support for the fourth claim. On these grounds, Woods asks the court to vacate the habeas judgment and grant him leave to file an amended § 2254 petition, raising additional claims for relief and facts in support.

When a habeas petitioner defaults a claim under state law, that default bars federal habeas review of the claim on the merits, absent a showing of cause for the default and prejudice from the alleged constitutional error.[3] Gray v. Netherland, 518 U.S. 152, 162 (1996). Showing cause requires identifying "something external to the petitioner, something that cannot fairly be attributed to him [that] . . . impeded [his] efforts to comply with the State's procedural rule." Coleman v. Thompson, 501 U.S. 722, 753 (1991). "Attorney error [during trial and appeal] that constitutes ineffective assistance of counsel is cause" for a procedural default. Id. at 753-54 (emphasis added). As "a violation of petitioner's right to counsel . . . the error must be seen as an external factor, i.e., imputed to the State." Id. at 754. On the other hand, in state post-

---

[3] A § 2254 habeas petitioner can also open a "gateway" to permit federal adjudication of his otherwise defaulted constitutional claims by making a colorable showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 315 (1995). The court has already held that Woods has made no such showing. Woods, 2019 WL 4674496, at *5-6.

4

conviction proceedings, petitioner has no constitutional right to representation by counsel. Id. at 752 (citations omitted). Therefore, as a general rule, petitioner "cannot claim constitutionally ineffective assistance of counsel in such proceedings" as a ground for habeas relief or as cause for a procedural default. Id.

In Martinez, the Supreme Court made a narrow exception to the Coleman rule. Martinez holds that errors by state habeas counsel can constitute "cause" to excuse a procedural default and permit federal habeas review if four conditions are met:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. 413, 423 (2013) (emphasis in original) (quoting Martinez, 566 U.S. at 14). This Martinez exception does not help Woods circumvent the dismissal of any of his four habeas claims.

Claims (A) and (C) satisfy half of the first condition under Martinez, because they allege that trial counsel was ineffective. This court ruled, however, that Woods had failed to present "any factual support for" these federal claims, and thus, had "not demonstrated any entitlement to relief on these grounds, even absent his procedural default." Woods, 2019 WL 4674496, at *4 n.6. In his current motion, Woods provides no additional facts to support these claims; he fails to identify the witnesses or the evidence that counsel allegedly could have found to bolster the defense. With no evidentiary support, the court cannot find these claims to be "substantial" so as to fall under the Martinez exception to default.

The Martinez exception to default cannot assist Woods in overcoming dismissal of claim (B), because this claim was not procedurally defaulted. Indeed, this court addressed claim (B) on the merits, as did the state habeas court. This claim alleged that trial counsel failed to conduct a reasonable investigation, particularly regarding the cell phone messages the car crash victims had exchanged with Woods before the shooting. The state habeas court denied relief for lack of evidence to show deficient performance by counsel or resulting prejudice, as required to prove ineffective assistance of constitutional significance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). This court found the state court's ruling to be reasonable under § 2254(d) and granted the motion to dismiss.

Woods asserts that Jensen provided ineffective assistance in the state habeas proceedings by failing to find and submit sufficient evidence to support claim (B). Woods does not present any such evidence here, however. Thus, his contention under Martinez that habeas counsel was constitutionally ineffective fails under Strickland for lack of evidence to show deficient performance or resulting prejudice.

Claim (D), alleging a Brady violation, does not allege ineffective assistance by trial counsel. Thus, it does not satisfy the first Martinez condition and so does not fall under this exception to default.

Woods also argues that Jensen provided ineffective assistance by failing to present the § 2254 claims effectively, with sufficient evidentiary support, and by failing to present additional claims. This argument has no support in Martinez. That decision did not open a door for a petitioner in a § 2254 proceeding, post-dismissal, to raise independent claims of ineffective assistance of federal habeas counsel to excuse the omission of claims or evidence from the initial § 2254 petition. See Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995) (holding that court

6

properly denied petitioner's post-judgment motion alleging ineffective assistance of federal habeas counsel; because petitioner "had no constitutional right to an attorney during his federal habeas proceeding, . . . he could not establish constitutional ineffective assistance of counsel as cause excusing his failure to raise claims in his first habeas petition").

For the stated reasons, the court concludes that Woods has not demonstrated under Martinez that he is entitled to relief under Rule 59(e) "to correct a clear error of law or prevent manifest injustice." Mayfield, 674 F.3d at 378. Woods also argues, however, that the court should grant his motion to amend his petition and, on that ground, grant relief under Rule 59(e) and reopen the § 2254 case for further proceedings, including discovery. "[A] district court may not deny [a motion to amend] simply because it has entered judgment against the plaintiff—be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). Rule 15(a) provides that, with certain exceptions not applicable here, "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, a request to amend, even post-judgment, should be denied only if "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." Mayfield, 674 F.3d at 379.

In Woods' motion to amend the § 2254 petition, he asserts the following claims he would raise:

(1) trial counsel was ineffective for failing to contest Wood[s'] right to confrontation at trial, to consult with him regarding the matter, and obtain an independent medical expert;

(2) trial counsel was ineffective for failing to properly investigate and obtain evidence of the text messages between Woods and Lamar Wood, and failing to properly impeach state witness Dacha Fitzgerald;

7

(3) trial counsel was ineffective for failing to object to the acts of prosecutorial misconduct in the form of: (i) failure to hand over exculpatory evidence, (ii) misrepresentation of the evidence before the jury, (iii) efforts to incite the jury's passions and fear of Woods, and (iv) attacks on Woods's credibility as a witness;

(4) the Commonwealth's denial of Wood[s'] request for a lesser included offense jury instruction for manslaughter was [unlawful]; and

(5) counsel was ineffective at the initial-review collateral proceedings (i.e. state habeas corpus proceedings) with regard to [Woods'] aforementioned claims.

Mot. 9, ECF No. 23-1. After review of the record, the court concludes that the motion to amend must be denied as futile—because the claims are without merit or untimely filed or both.

Proposed amended claim (5) is without merit. As discussed, a habeas petitioner has no constitutional right to counsel. Therefore, he has no viable claim for relief based on alleged ineffective assistance by habeas counsel. Hunt, 57 F.3d at 1340. The court will deny the motion to amend as to claim (5) as futile.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final—when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A). An amendment to a habeas petition is also subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), unless the amendment relates back to a timely raised claim, pursuant to Rule 15(c). See Mayle v. Felix, 545 U.S. 644 (2005). An amendment made after a statute of limitations has run "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). A belatedly filed, amended claim cannot relate back to timely filed claims merely because all the claims arose from the same trial, conviction, or sentence, however. Mayle, 545

8

U.S. at 662. "[R]elation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." Id. at 659; United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000) (finding that late-filed claims did not relate back under Rule 15(c) to timely claims because they arose from "separate occurrences of both time and type").

The Supreme Court of Virginia refused Woods' criminal appeal on October 19, 2016, and his conviction became final 90 days later, on January 17, 2017, when his opportunity to file a petition for a writ of certiorari in the United States Supreme Court expired. Clay v. United States, 537 U.S. 522, 525 (2003). At that point, Woods' one-year filing period under 28 U.S.C. § 2244(d)(1)(A) began to run. After 273 days of that year had elapsed, Woods tolled the running of the filing period by filing his state habeas petition. See 28 U.S.C. § 2244(d)(2) (limitation period tolled during pendency of properly filed state post-conviction proceeding). After the Supreme Court of Virginia dismissed the state petition on May 9, 2018, the federal filing period began running again. Woods timely filed his initial § 2254 petition 89 days later, on August 6, 2018. The pendency of a federal habeas petition does not toll the filing period under § 2244(d)(2). Thus, Woods' one-year period to file § 2254 claims expired on August 9, 2018.

Woods executed his motion to amend on October 23, 2019, more than one year after the statute of limitations in § 2244(d)(1)(A) had run. Woods does not state facts showing that his filing period for any of his first four amended claims could be calculated under the other subsections of § 2244(d)(1). Therefore, proposed amended claims (1) through (4) are untimely filed, and the motion to amend must be denied as futile, unless one or more claims relate back to claims in the timely, initial § 2254 petition.

Proposed amended claims (1), (3)(ii), (3)(iii), (3)(iv), and (4) assert new issues that do not relate to the timely filed issues in Woods' § 2254 petition. That petition centered on the missing

9

text messages between Woods and the victim leading up to the shooting—the Commonwealth's failure to produce them and trial counsel's failure to seek to obtain them before trial. Proposed claim (1) and the designated subsections of claim (3), while alleging ineffective assistance by trial counsel, do not share a common core of operative facts with the text message claims in the initial petition. Rather, these proposed claims focus on completely different actions that counsel allegedly should have taken—protect Woods' right to confront the doctor who prepared the autopsy, consult with Woods about this witness, obtain an independent medical expert on how the victim died, and challenge various alleged acts of prosecutorial misconduct during arguments to the jury. Proposed claim (4) does not relate back to any of the timely, initial petition claims, which did not mention jury instruction error.[4] Because claims (1), (3)(ii), (3)(iii), (3)(iv), and (4) are thus not linked to timely filed claims, they do not relate back under Rule 15(c). They remain untimely filed, Mayle, 545 U.S. at 662, and the court will deny the motion to amend to add these claims as futile.

The court concludes that proposed amended claims (2) and (3)(i), concerning counsel's failure to obtain the text messages to bolster Woods' testimony and impeach a Commonwealth witness, share a common core of facts with timely filed claims in the initial petition and, thus, relate back under Rule 15(c). The court will, nevertheless, deny the motion to amend as to these claims, because they are futile.

---

[4] Proposed claim (4) is also futile, because the gravamen of the claim has already been decided against Woods by the Supreme Court of Virginia and by this court. The state court held that it was not trial court error to deny the defendant's request for a voluntary manslaughter instruction, because his testimony provided no more than a scintilla of evidence that he acted in the heat of passion when he shot the victim ten times, and his theory of having his reason overcome by fear was contradicted by the physical evidence—all ten shots fired struck the victim, more than half hitting him in the back and causing him severe injury. Woods v. Commonwealth, 782 S.E.2d 613, 620-21 (Va. Ct. App. 2016). This court found that the evidence of malice, required for the jury to find Woods guilty of second degree murder as they did, was overwhelming. Woods v. Clarke, No. 7:18CV00385, 2019 WL 4674496, at *8 (W.D. Va. Sept. 25, 2019).

Both claims involve the missing text messages. Yet, Woods has not provided a detailed description of the expected content of those messages, although he read them himself on the day of the shooting and later deleted them from his cell phone. It is well established that without a particularized description of the evidence counsel failed to obtain, the court cannot determine that counsel's omission constituted unreasonable professional performance that resulted in prejudice under Strickland. Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) (holding that failure to proffer what favorable evidence or testimony counsel should have produced is fatal to allegation of inadequate representation). Woods also fails to explain how these text messages or other evidence counsel failed to discover would have significantly impeached witness Dacha Fitzgerald. Again, without this information, the court cannot find ineffective assistance.

Woods admits that "he does not here proffer the actual evidence which trial counsel failed to obtain through his own investigation." Mot. 12, ECF No. 23-1. He demands the opportunity to engage in discovery to uncover such evidence. Discovery in a habeas case requires leave of court, which should be granted for good cause shown. See Rule 6, Rules Governing Section 2254 Cases. Neither Woods nor his habeas attorney sought discovery during the pendency of this case. Moreover, this court has already found no reasonable likelihood that discovery and use of the text messages (if they still exist) would have resulted in a different outcome at trial. Woods v. Clarke, No. 7:18CV00385, 2019 WL 4674496, at *8 (W.D. Va. Sept. 25, 2019).

> Even if the text messages included direct threats that Ward intended to shoot Woods dead on sight, the bare fear generated by those words did not justify Woods' infliction of ten rounds of deadly force in self-defense, more than half of them fired from behind the victim. The text messages also could not have refuted the reasonable conclusion that Woods provoked the confrontation with Ward and then "willfully and purposefully shot the victim with a deliberate mind" in a malicious "barrage of gunfire."

11

Id. Accordingly, the court cannot find good cause to allow the amendment and discovery and will deny the motion to amend as to claims (2) and (3)(i).

For the stated reasons,[5] the court will deny the motion to alter or amend the judgment dismissing Woods' § 2254 petition and will deny the motion to amend as futile. An appropriate order will issue this day.

The clerk will send a copy of this opinion and the accompanying order to Woods and to counsel of record for the respondent.

**ENTER:** This 23rd day of January, 2020.

                                                                             Senior United States District Judge

---

[5] It is likely that some courts would construe Woods' Rule 59(e) motion and amended claims as a second or successive § 2254 petition and dismiss the filing on that ground. See, e.g., Bay v. Clarke, No. 2:15CV64, 2017 WL 253971, at *5 (E.D. Va. Jan. 20, 2017) (discussing unsettled status of this legal issue and citing other cases). The court declines to address this issue further, having determined that there are other reasons for which Woods' motion to amend must be denied as futile.